HOLLENBERG MUSIC COMPANY *v.* WILLIAMS.

Opinion delivered May 26, 1919.

1. APPEAL AND ERROR—MANDATE—ALLOWANCE OF INTEREST.—In an action to foreclose a mortgage given to secure a note, where the Supreme Court, in reversing decree for defendants, remanded the case "with directions to enter a decree in favor of" plaintiff for a specified sum, "with foreclosure of deed of trust," plaintiff was not entitled to interest on such sum from date of the note, but merely from date of the decree.

2.  SAME—CONCLUSIVENESS OF ADJUDICATION.—A decree of the Su-
preme Court on former appeal reversing a judgment for defend-
ants and remanding the cause with directions to enter decree for
plaintiff for a specified amount, is an adjudication of the sum
due, which could not be changed or modified upon a second appeal.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*C. P. Harnwell,* for appellant.

Upon the remand of the cause as per the order of this court a decree of foreclosure should have been entered for the amount, with 8 per cent. interest, as Williams' tender was not sufficient. See opinion on former appeal to this court and the directions therein. Interest should have been allowed. The court below did not follow the directions in the order and judgment of this court. The judgment should be reversed with directions to enter a decree for the proper amount and interest, 8 per cent. from date of the note, December 19, 1911.

*Clyde E. Pettit,* for appellee.

The decree below is in accordance with the decision and order of this court on the former appeal and should be affirmed. 200 S. W. 896. There is no ambiguity in this court's directions. *Ib.*

HUMPHREYS, J. Appellant instituted suit against appellee, in the year 1912, in the Arkansas Chancery Court, to foreclose a mortgage given to secure a note for $2,976.70, of date December 9, 1911, bearing interest at the rate of 8 per cent. per annum from date until paid. Appellant was a wholesale and appellee a local dealer in musical instruments. They transacted a large volume of business with each other prior to the execution of the note and mortgage in question. The issues presented by the pleadings involved the statement of an account between the parties, which was made by a master appointed for that purpose by the chancery court. The master found that appellant was indebted to appellee in the sum of $226.58, and a judgment was rendered in ac-

cordance therewith, from which appellant prosecuted an appeal to this court. This court held on appeal that the account was improperly stated by the master and restated it on a different basis. The decree of the chancery court was thereupon reversed, annulled, set aside and remanded with directions to the chancery court to enter a decree in favor of appellant for the sum of $1,534.22 and to foreclose the deed of trust. A money judgment for that amount would have been rendered here in favor of appellant against appellee had the title to land not been involved. The aforesaid order and decree by this court was rendered on the 14th day of January, A. D. 1918. The mandate was filed in the chancery court on April 17, 1918, with the request by appellant to enter a decree of foreclosure for $2,608.55. This amount included interest from December 9, 1911, on the amount of $1,534.22, ascertained by this court on restatement of the account to be the balance due from appellee to appellant. The request was denied and appellant duly excepted to the ruling of the court. On the 4th day of June, 1918, appellee tendered into court, for the use and benefit of appellant, all costs and the sum of $1,534.22, with interest at the rate of 8 per cent. per annum from January 14, 1918, to the date of tender. The court ruled the tender sufficient and a full satisfaction, release and discharge of the indebtedness and mortgage. To the aforesaid ruling of the court, appellant duly excepted.

Appellant then accepted the amount tendered, under stipulation and agreement with appellee that the acceptance thereof should not waive or affect its right to prosecute an appeal to this court. The appeal was perfected and the cause is before us a second time.

It is contended that the chancery court, upon remand of the case, erred in not allowing interest on the sum of $1,534.22 at the rate of 8 per cent. per annum from the 9th day of December, 1911, the date of the note, to April

17, 1918, the date the mandate was filed. Learned counsel for appellant places that construction on the decree and mandate of this court. The wording of the decree was as follows:

"It is therefore ordered and decreed by the court that the decree of said chancery court in this cause rendered be, and the same is hereby, for the error aforesaid, reversed, annulled and set aside with costs; and that this cause be remanded to said chancery court with directions to enter a decree in favor of the appellant for the sum of $1,534.22, with foreclosure of the deed of trust."

We are unable to discover any ambiguity in the language used or direction given. The decree rendered by the chancery court was reversed and remanded with directions to enter the decree of foreclosure for $1,534.22 in favor of appellant. The exact amount was specified and necessarily related to the amount of the indebtedness due on the date of the decree, as no other date was mentioned. The specific amount determined and directed to be entered became a final adjudication of this court upon adjournment of the court and cannot be changed or modified upon a second appeal.

The decree, having been rendered in accordance with directions of this court, is affirmed.